JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Jermaine Moore | City of Phila., J. Delaney, L. Gloria, J. Grundy, M. Billups, D. Ortiz, D. Bynum, M. Capers, J. Palmer, III, E. Marin, C. White |

(b)  County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

(c)  Attorneys *(Firm Name, Address, and Telephone Number)*
Rania Major, P.C. - 2915 North 15th St., Phila., PA  19133 - 215-291-5009

Attorneys *(If Known)*
Dimitrios Mavroudis

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** / **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - Product Liability | Leave Act | | Act |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec 1983

Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE  1/9/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT                    APPLYING IFP                    JUDGE                    MAG. JUDGE

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

Jermaine Moore        Civil Action
SCI Dallas
1000 Follies Road
Dallas, PA  18612      NO: _____
     Plaintiff

    V.
City of Philadelphia
c/o Law Department
One Parkway Building
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
   and        Formerly
John P. Delaney, Individually as
An agent, servant worker and employee  Court of Common Pleas
of the City of Philadelphia in the capacity  Philadelphia County
of Warden of the Curran-Fromhold   Trial Division – Civil
Correctional Facility      April Term 2013
1515 Arch Street, 14th Floor    No. 002207
Philadelphila, PA  19102
   and
Louis Giorla, Individually
As an agent, servant worker and employee
Of the City of Philadelphia in the capacity
Of Commissioner of the
Philadelphia Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
   and
Jason Grundy, Individually and
as an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
   and
Majovie Billups, Individually and as
An agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
   and
Daisy Ortiz, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System

1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
Donovan Bynum, Individually and
As an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the
Philadelphia Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
Michael Capers, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
James Palmer III, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
Enrique Marin, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
      and
Carlos White, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

               Defendants

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

      Pursuant to 28 U.S.C. § 1441, defendants, John P. Delaney, Louis Giorla, Jason Grundy, Majovie Billups, Daisy Ortiz, Donovan Bynum, Michael Capers, James Palmer, III, Enrique

Marin, Carlos White and the City of Philadelphia (hereinafter "petitioners") through their counsel, Dimitrios Mavroudis, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants state the following:

1.    In April 2013, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, April 2013, No. 002207.  (Exhibit A - Complaint).

2.  On December 17, 2013, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.  Plaintiff alleges that on April 14, 2011, he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, John P. Delaney, Louis Giorla, Jason Grundy, Majovie Billups, Daisy Ortiz, Donovan Bynum, Michael Capers, James Palmer, III, Enrique Marin, Carlos White and the City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of  Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**DIMITRIOS MAVROUDIS**
**Assistant City Solicitor**
**Attorney I.D. No. 93773**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5444

Date: 1/9/14

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

Jermaine Moore                                    Civil Action
SCI Dallas
1000 Follies Road
Dallas, PA  18612                                 NO: _____
              **Plaintiff**

       **V.**

City of Philadelphia
c/o Law Department
One Parkway Building
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
        and
John P. Delaney, Individually as                  Formerly
An agent, servant worker and employee
of the City of Philadelphia in the capacity       Court of Common Pleas
of Warden of the Curran-Fromhold                  Philadelphia County
Correctional Facility                             Trial Division – Civil
1515 Arch Street, 14th Floor                 April Term 2013
Philadelphila, PA  19102                          No. 002207
        and
Louis Giorla, Individually
As an agent, servant worker and employee
Of the City of Philadelphia in the capacity
Of Commissioner of the
Philadelphia Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
        and
Jason Grundy, Individually and
as an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
        and
Majovie Billups, Individually and as
An agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
        and
Daisy Ortiz, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity

of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
                    and
Donovan Bynum, Individually and
As an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the
Philadelphia Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
                    and
Michael Capers, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
                    and
James Palmer III, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
                    and
Enrique Marin, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
                    and
Carlos White, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

                    **Defendants**

<u>**NOTICE OF FILING OF REMOVAL**</u>

TO:   Rania Major, P.C.
      2915 North 5th Street
      Philadelphia, PA  19133

     PLEASE TAKE NOTICE THAT on    January 9, 2014, defendants, John P. Delaney, Louis Giorla, Jason Grundy, Majovie Billups, Daisy Ortiz, Donovan Bynum, Michael Capers, James Palmer, III, Enrique Marin, Carlos White and the City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

     A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

 

**DIMITRIOS MAVROUDIS**
**Assistant City Solicitor**
**Attorney I.D. No. 93773**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5444

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jermaine Moore<br>SCI Dallas<br>1000 Follies Road<br>Dallas, PA 18612<br>          **Plaintiff** | Civil Action<br><br>NO: _____ |
|      **V.**<br>City of Philadelphia<br>c/o Law Department<br>One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>       and<br>John P. Delaney, Individually as<br>An agent, servant worker and employee<br>of the City of Philadelphia in the capacity<br>of Warden of the Curran-Fromhold<br>Correctional Facility<br>1515 Arch Street, 14th Floor<br>Philadelphila, PA 19102<br>       and<br>Louis Giorla, Individually<br>As an agent, servant worker and employee<br>Of the City of Philadelphia in the capacity<br>Of Commissioner of the<br>Philadelphia Prison System<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>       and<br>Jason Grundy, Individually and<br>as an agent, servant worker and employee<br>of the City of Philadelphia in the capacity<br>of a Correctional Officer for the Philadelphia<br>Prison System<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>       and<br>Majovie Billups, Individually and as<br>An agent, servant worker and employee<br>of the City of Philadelphia in the capacity<br>of a Correctional Officer for the Philadelphia<br>Prison System<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>       and<br>Daisy Ortiz, Individually and as<br>an agent, servant worker and employee<br>of the City of Philadelphia in the capacity<br>of a Correctional Officer for the Philadelphia | Formerly<br><br>Court of Common Pleas<br>Philadelphia County<br>Trial Division – Civil<br>April Term 2013<br>No. 002207 |

Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
    and
Donovan Bynum, Individually and
As an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the
Philadelphia Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
    and
Michael Capers, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
    and
James Palmer III, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
    and
Enrique Marin, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
    and
Carlos White, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

        Defendants

## CERTIFICATE OF SERVICE

    I, Dimitrios Mavroudis, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Rania Major, P.C.
      2915 North 5th Street
      Philadelphia, PA  19133

**Dimitrios Mavroudis**
**Assistant City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5444

Date: 1/9/14

Exhibit "A"

5463 B

**RANIA MAJOR, P.C.**
Rania Major, Esquire
2915 North 5th Street
Philadelphia, PA 19133
Atty. Id. #51298
(215) 291-5009

**THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES IS
REQUIRED.**

ATTORNEY FOR PLAINTIFF

JERMAINE MOORE                          :
SCI Dallas                              :     COURT OF COMMON PLEAS
1000 Follies Road                       :     PHILADELPHIA COUNTY
Dallas, PA  18612                       :
                                        :
                     Plaintiff          :
                                        :
          vs.                           :
                                        :
CITY OF PHILADELPHIA  √                 :     APRIL TERM, 2013
c/o Law Department                      :
One Parkway Building                    :     NO.  2207
1515 Arch Street, 14th Floor            :
Philadelphia, PA 19102                  :
                                        :
          and                           :
                                        :
JOHN P. DELANEY, Individually as  √     :
an agent, servant worker and employee   :
of the City of Philadelphia in the capacity :
of Warden of the Curran-Fromhold        :
Correctional Facility                   :
1515 Arch Street, 14th Floor            :
Philadelphia, PA 19102                  :
                                        :
          and                           :
                                        :
LOUIS GIORLA, Individually              :
as an agent, servant worker and employee :
of the City of Philadelphia in the capacity :
of Commissioner of the                  :
Philadelphia Prison System              :
1515 Arch Street, 14th Floor            :
Philadelphia, PA 19102                  :
                                        :
          and                           :
                                        :

Case ID: 130402207

JASON GRUNDY, Individually and
as an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the
Philadelphia Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

       and

MAJOVIE BILLUPS, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

       and

DAISY ORTIZ, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

       and

DONOVAN BYNUM, Individually and
as an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the
Philadelphia Prison System
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

       and

MICHAEL CAPERS, Individually and as
an agent, servant worker and employee
of the City of Philadelphia in the capacity
of a Correctional Officer for the Philadelphia
Prison System

1515 Arch Street, 14th Floor                    :
Philadelphia, PA 19102                          :
                                                :
         and                                    :
                                                :
JAMES PALMER III, Individually and as           :
an agent, servant worker and employee           :
of the City of Philadelphia in the capacity     :
of a Correctional Officer for the Philadelphia  :
Prison System                                   :
1515 Arch Street, 14th Floor                    :
Philadelphia, PA 19102                          :
                                                :
         and                                    :
                                                :
ENRIQUE MARIN, Individually and as              :
an agent, servant worker and employee           :
of the City of Philadelphia in the capacity     :
of a Correctional Officer for the Philadelphia  :
Prison System                                   :
1515 Arch Street, 14th Floor                    :
Philadelphia, PA 19102                          :
                                                :
         and                                    :
                                                :
CARLOS WHITE, Individually and as               :
an agent, servant worker and employee           :
of the City of Philadelphia in the capacity     :
of a Correctional Officer for the Philadelphia  :
Prison System                                   :
1515 Arch Street, 14th Floor                    :
Philadelphia, PA 19102                          :
                                                :
         DEFENDANTS                             :

---

## NOTICE

        You have been sued in Court.  If you wish to defend against the claims set forth in
the following pages, you must take action within twenty (20) days after this complaint
and notice are served, by entering a written appearance personally or by attorney and
filing in writing with the court your defenses or objections to the claims set forth against
you.  You are warned that if you fail to do so the case may proceed without you and a
judgment may be entered against you by the court without further notice for any money

claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENDUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL SERVICE
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6300

**RANIA MAJOR, P.C.**
Rania Major, Esquire
2915 North 5th Street
Philadelphia, PA 19133
Atty. Id. #51298
(215) 291-5009

**THIS IS AN ARBITRATION MATTER**
**ASSESSMENT OF DAMAGES IS**
**REQUIRED.**

ATTORNEY FOR PLAINTIFF

---

JERMAINE MOORE              :
SCI Dallas                  :     COURT OF COMMON PLEAS
1000 Follies Road           :     PHILADELPHIA COUNTY
Dallas, PA  18612           :
                            :
                            :
                Plaintiff   :
                            :
                            :
        vs.                 :
                            :
                            :
CITY OF PHILADELPHIA        :     APRIL TERM, 2013
c/o Law Department          :
One Parkway Building        :     NO.  2207
1515 Arch Street, 14th Floor   :
Philadelphia, PA 19102      :
                            :
        and                 :
                            :
                            :
JOHN P. DELANEY, Individually as   :
an agent, servant worker and employee   :
of the City of Philadelphia in the capacity   :
of Warden of the Curran-Fromhold   :
Correctional Facility       :
1515 Arch Street, 14th Floor   :
Philadelphia, PA 19102      :
                            :
        and                 :
                            :
                            :
LOUIS GIORLA, Individually  :
as an agent, servant worker and employee   :
of the City of Philadelphia in the capacity   :
of Commissioner of the      :
Philadelphia Prison System  :
1515 Arch Street, 14th Floor   :
Philadelphia, PA 19102      :
                            :
        and                 :
                            :

Case ID: 130402207

JASON GRUNDY, Individually and         :
as an agent, servant worker and employee    :
of the City of Philadelphia in the capacity   :
of a Correctional Officer for the         :
Philadelphia Prison System             :
1515 Arch Street, 14th Floor            :
Philadelphia, PA  19102               :
                                   :
        and                        :
                                   :
MAJOVIE BILLUPS, Individually and as    :
an agent, servant worker and employee      :
of the City of Philadelphia in the capacity   :
of a Correctional Officer for the Philadelphia:
Prison System                       :
1515 Arch Street, 14th Floor            :
Philadelphia, PA 19102                :
                                   :
        and                        :
                                   :
DAISY ORTIZ, Individually and as        :
an agent, servant worker and employee      :
of the City of Philadelphia in the capacity   :
of a Correctional Officer for the Philadelphia:
Prison System                       :
1515 Arch Street, 14th Floor            :
Philadelphia, PA 19102                :
                                   :
        and                        :
                                   :
DONOVAN BYNUM, Individually and      :
as an agent, servant worker and employee    :
of the City of Philadelphia in the capacity   :
of a Correctional Officer for the         :
Philadelphia Prison System             :
1515 Arch Street, 14th Floor            :
Philadelphia, PA  19102               :
                                   :
        and                        :
                                   :
MICHAEL CAPERS, Individually and as    :
an agent, servant worker and employee      :
of the City of Philadelphia in the capacity   :
of a Correctional Officer for the Philadelphia:
Prison System                       :

1515 Arch Street, 14th Floor                    :
Philadelphia, PA 19102                                    :
                                                          :
        and                                               :
                                                          :
JAMES PALMER III, Individually and as                     :
an agent, servant worker and employee                     :
of the City of Philadelphia in the capacity               :
of a Correctional Officer for the Philadelphia:
Prison System                                             :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                                    :
                                                          :
        and                                               :
                                                          :
ENRIQUE MARIN, Individually and as                        :
an agent, servant worker and employee                     :
of the City of Philadelphia in the capacity               :
of a Correctional Officer for the Philadelphia:
Prison System                                             :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                                    :
                                                          :
        and                                               :
                                                          :
CARLOS WHITE, Individually and as                         :
an agent, servant worker and employee                     :
of the City of Philadelphia in the capacity               :
of a Correctional Officer for the Philadelphia:
Prison System                                             :
1515 Arch Street, 14th Floor                   :
Philadelphia, PA 19102                                    :
                                                          :
        DEFENDANTS                                        :

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Jermaine Moore, is an adult individual who is a citizen of the United

States and who, at all times material and relevant hereto, was in custody in the Curran-

Fromhold Correctional Facility, located at 7901 State Road, Philadelphia, Pennsylvania

19136, with a current physical residence at the above-captioned address.

2.      Defendant, the City of Philadelphia (hereinafter "City"), at all relevant and material times hereto was a political subdivision and municipal corporation duly existing and organized under the laws of the Commonwealth of Pennsylvania, receiving federal and/or state funding, and with a regular business address as above-captioned.

3.      Defendant, John P. Delaney (hereinafter "Delaney"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as the Warden of the Curran-Fromhold Correctional Facility with a regular business address as above-captioned.

4.      Defendant, Delaney, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, and was, among other responsibilities, responsible for ensuring the safety of inmates incarcerated in the Philadelphia Prison System, making and enforcing policies, practices, customs, and procedures within the prisons as well as providing for adequate training and supervision of correctional staff at the prisons.  At all relevant and material times, this defendant acted under color of state law.

5.      Defendant, Louis Giorla (hereinafter "Giorla"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as the Commissioner of the Philadelphia Prison System with a regular business address as above-captioned.

6.      Defendant, Giorla, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, and was, among other responsibilities, responsible for ensuring the safety of inmates incarcerated in the Philadelphia Prison System, making and enforcing

policies, practices, customs, and procedures within the prisons as well as providing for adequate training and supervision of correctional staff at the prisons. At all relevant and material times, this defendant acted under color of state law and authority and within the scope of his employment.

7.    Defendant, Jason Grundy (hereinafter "Grundy"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

8.    Defendant, Grundy, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

9.    Defendant, Majovie Billups (hereinafter "Billups"), at all times relevant and material hereto, acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

10.    Defendant, Billups, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the

course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

11.     Defendant, Daisy Ortiz (hereinafter "Ortiz"), at all times relevant and material hereto acted individually and in her official capacity as an agent, servant, worker and employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

12.     Defendant, Ortiz, at all times relevant and material hereto, was acting within the course and scope of her employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

13.     Defendant, Donovan Bynum (hereinafter "Bynum"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

14.     Defendant, Bynum, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

15.     Defendant, Michael Capers (hereinafter "Capers"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

16.     Defendant, Capers, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

17.     Defendant, James Palmer III (hereinafter "Palmer"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

18.     Defendant, Palmer, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

19.     Defendant, Enrique Marin (hereinafter "Marin"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and

employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

20.     Defendant, Marin, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

21.     Defendant, Carlos White (hereinafter "White"), at all times relevant and material hereto acted individually and in his official capacity as an agent, servant, worker and employee of Defendant, City, as a corrections officer within the Philadelphia Prison System with a regular business address as above-captioned.

22.     Defendant, White, at all times relevant and material hereto, was acting within the course and scope of his employment and in furtherance of the business and affairs of Defendant, City, as a correctional officer for the Philadelphia Prison System. At all times relevant and material hereto, said defendant acted under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, customs, and procedures of Defendant, City, and the Philadelphia Prison System.

23.     At all times relevant and material hereto, the defendants acted under color of law, while the individual defendants also acted in their capacities as prison guards and/or officials, although all such acts were beyond the scope of their lawful jurisdiction and authority.   In addition, all individual Defendants also are sued in their individual capacities.

24.     On or about April 14, 2011, the plaintiff was in custody at the Curran Fromhold Correctional Facility (hereinafter "CFCF").

25.     At approximately 1:00 p.m. on April 14, 2011, in and about the receiving/intake areas of CFCF, Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White subjected plaintiff to unnecessary, unlawful and excessive force, including but not limited to choking the plaintiff, knocking the plaintiff down, dragging the plaintiff and kicking the plaintiff in the face and head, none of which was reasonably related to institutional security, maintaining or restoring discipline or order, or any other legitimate penological interest; and where said defendants' purpose was to harass, humiliate, degrade, and/or physically injure the plaintiff.

26.     The use of force by the defendants was unjustified, unreasonable, unnecessary, malicious, sadistic, and excessive.

27.     Prior to April 14, 2011, Defendants, City, Delaney, and Giorla, developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the Philadelphia Prison System and/or the Curran-Fromhold Correctional Facility, which caused the violation of the plaintiff's civil rights.

28.     Beginning on or about April 14, 2011 and on an ongoing basis thereafter, Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White falsely and maliciously represented to the Philadelphia Police Department and the Philadelphia District Attorney's office that the plaintiff had committed aggravated and simple assault against them and recklessly endangered them, intentionally causing the plaintiff to be arrested on these charges on or about June 20, 2011 and to be prosecuted.

29.    Plaintiff was acquitted of the charge of aggravated assault on or about January 13, 2012, and the other charges were nolle prossed on that date.

30.    It was the policy, practice and/or custom of Defendants, City, Delaney, and Giorla, to condone the use unjustified, unreasonable, unnecessary, malicious, sadistic, and excessive force against inmates within the Philadelphia Prison System and/or the Curran-Fromhold Correctional Facility.

31.    It was the policy, practice, and/or custom of Defendants, City, Delaney, and Giorla, to fail to train correctional officers in proper methods, techniques, procedures and protocols for obtaining compliance restraining inmates in a manner utilizing only justified, reasonable, and necessary force.

32.    It was the policy, practice and/or custom of Defendants, City, Delaney, and Giorla, to condone the false arrest and malicious prosecution of prisoners by corrections officers in order to cover up their assault and battery and violations of Fourteenth and Eighth Amendment rights of prisoners.

33.    The actions of the defendants constituted various violations of plaintiff's civil rights, assault and battery, and other actionable offenses.

34.    As a result of the aforementioned actions and/or inactions of the defendants, plaintiff sustained multiple serious injuries, some or all of which may be permanent, including, but not limited to, injuries to plaintiff's left eye and to the nerves and/or soft tissue structures controlling the movement of the eye, double vision, 4th nerve palsy of the left eye, blurred vision, headaches, left shoulder pain, neck pain, back pain, and severe shock and injury to his nerves and nervous system; mental, psychological and emotional distress, embarrassment, anxiety and humiliation; and other injuries some or all of which

have yet to become manifest and/or be diagnosed. All of the foregoing injuries have rendered plaintiff sick, sore, lame, prostrate, disabled, disfigured, and disordered and have forced him to suffer great mental anguish; embarrassment; humiliation; loss of enjoyment of life's pleasures; and physical and mental injuries, pain, and suffering, all of which may continue for an indefinite time into the future.

35.     As a result of the aforesaid actions and inactions of the defendants, plaintiff has been obliged to expend and will continue to expend in the future large sums of money and/or incur debts and liens for medical care and treatment, all to his great financial detriment and loss, which may continue for an indefinite time into the future.

36.     As a result of the aforesaid actions and inactions of the defendants, plaintiff has been unable to follow his usual occupation(s) and customary daily duties and other activities and has been caused to suffer a loss of income and earning capacity, all of which may continue for an indefinite time into the future to his great detriment and loss.

37.     As a result of the aforesaid actions and inactions of the defendants, the plaintiff was arrested, prosecuted, incarcerated and otherwise was deprived of his liberty and freedom due to the false charges brought against him by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White.

        WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in amounts not in excess of $50,000.00 each, together with punitive damages, delay damages, attorney's fees and costs.

## COUNT I
### PLAINTIFF V. DEFENDANTS JASON GRUNDY, MAJOVIE BILLUPS, DAISY ORTIZ, DONOVAN BYNUM, MICHAEL CAPERS, JAMES PALMER III, ENRIQUE MARIN, AND CARLOS WHITE
### FOURTEENTH AMENDMENT AND STATUTORY

Case ID: 130402207

## CIVIL RIGHTS VIOLATIONS – USE OF EXCESSIVE FORCE

38.   Plaintiff hereby incorporates by reference all prior paragraphs the same as though set forth herein at length.

39.   The actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White violated plaintiff's rights to due process and to be safe from unreasonable, unnecessary, unjustified, willful, wanton, malicious, sadistic, and excessive use of force under the Fourteenth Amendment to the United States Constitution.

40.   As stated herein, the actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White were maliciously, intentionally, willfully, wantonly, and sadistically directed towards the plaintiff to cause the plaintiff harm, and without any justification or cause.

41.   The defendants violated plaintiff's civil rights under the Fourteenth Amendment and pursuant to 42 U.S.C. Section 1983 in the following:

   (a)   Depriving plaintiff of his due process rights and participating in the use of unjustified, unnecessary, unreasonable, malicious, sadistic, and excessive force on the plaintiff;

   (b)   Failing to stop the other correctional officer defendants from beating and injuring the plaintiff;

   (c)   Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to plaintiff's federally protected rights using an unreasonable, unnecessary, unjustified, malicious, sadistic, and excessive force upon plaintiff;

   (d)   Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to plaintiff's federally protected rights failing to obtain necessary medical attention and treatment for plaintiff in a timely fashion;

   (e)   Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to plaintiff's federally protected rights preventing plaintiff from receiving necessary medical attention and treatment in a timely fashion;

(f)     Acting with an evil motive or intent to cause the plaintiff harm and/or with a reckless or callous indifference to the plaintiff's federally protected rights.

42.     As a direct and proximate result of the actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White and their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above, and which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in amounts not in excess of $50,000.00 each, together with punitive damages, delay damages, attorney's fees and costs.

**COUNT II**
**PLAINTIFF V. DEFENDANTS JASON GRUNDY, MAJOVIE BILLUPS, DAISY ORTIZ, DONOVAN BYNUM, MICHAEL CAPERS, JAMES PALMER III, ENRIQUE MARIN, AND CARLOS WHITE**
**EIGHTH AMENDMENT AND STATUTORY**
**CIVIL RIGHTS VIOLATIONS – CRUEL AND UNUSUAL PUNISHMENT**

43.     Plaintiff hereby incorporates by reference all prior paragraphs the same as though set forth herein at length.

44.     The actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White violated plaintiff's rights to be free from cruel and unusual punishment, and to be safe from unreasonable, unnecessary, unjustified, willful, wanton, malicious, sadistic, and excessive use of force, under the Eighth Amendment to the United States Constitution.

45.     As stated herein, the actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White were maliciously, intentionally, willfully, wantonly,

Case ID: 130402207

and sadistically directed towards the plaintiff to cause the plaintiff harm, and without any justification or cause.

46.     The defendants violated plaintiff's civil rights under the Eighth Amendment and pursuant to 42 U.S.C. Section 1983 in the following:

      (a)     Depriving plaintiff of his right to be free from cruel and unusual punishment and participating in the use of unjustified, unnecessary, unreasonable, malicious, sadistic, and excessive force on the plaintiff;

      (b)     Failing to stop the other correctional officer defendants from beating and injuring the plaintiff;

      (c)     Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to plaintiff's federally protected rights using an unreasonable, unnecessary, unjustified, malicious, sadistic, and excessive force upon plaintiff;

      (d)     Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to plaintiff's federally protected rights failing to obtain necessary medical attention and treatment for plaintiff in a timely fashion;

      (e)     Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to plaintiff's federally protected rights preventing plaintiff from receiving necessary medical attention and treatment in a timely fashion;

      (f)     Acting with an evil motive or intent to cause the plaintiff harm and/or with a reckless or callous indifference to the plaintiff's federally protected rights.

47.     As a direct and proximate result of the actions of the defendants and their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above, and which are incorporated herein by reference.

      WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in amounts not in excess of $50,000.00 each, together with punitive damages, delay damages, attorney's fees and costs.

## COUNT III
## PLAINTIFF V. DEFENDANTS JASON GRUNDY, MAJOVIE BILLUPS, DAISY ORTIZ, DONOVAN BYNUM, MICHAEL CAPERS, JAMES PALMER III, ENRIQUE MARIN, AND CARLOS WHITE
## ASSAULT AND BATTERY

48.     Plaintiff hereby incorporates by reference all prior allegations the same as though set forth herein at length.

49.     Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White recklessly, intentionally, willfully, wantonly, maliciously, sadistically, and unlawfully beat, injured, punched, hit, kicked, verbally abused and/or otherwise assaulted and battered the plaintiff and placed him in fear for his safety as more fully stated hereinbefore.

50.     At all relevant and material times hereto, Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White lacked the authority, reason and/or cause to strike, assault, batter, verbally abuse, use excessive force upon and/or otherwise injure the plaintiff.

51.     The actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, as more specifically described above were unlawful, unnecessary and without justification and constituted the use of excessive force and assault and battery.

52.     As a direct and proximate result of the actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above, and which are incorporated herein by reference.

Case ID: 130402207

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in amounts not in excess of $50,000.00 each, together with punitive damages, delay damages, and costs.

### COUNT IV
### PLAINTIFF V. DEFENDANTS JASON GRUNDY, MAJOVIE BILLUPS, DAISY ORTIZ, DONOVAN BYNUM, MICHAEL CAPERS, JAMES PALMER III, ENRIQUE MARIN, AND CARLOS WHITE
### STATE LAW FALSE ARREST AND MALICIOUS PROSECUTION

53.     Plaintiff incorporates by reference the averments of the preceding paragraphs as fully as though same were set forth herein in their entirety.

54.     At all times relevant and material hereto, Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White initiated and carried out the arrest and prosecution of the plaintiff despite their knowledge that the charges they initiated and/or brought against the plaintiff were false.

55.     In the alternative, at all times relevant and material hereto, the defendants initiated and carried out the arrest and prosecution of the plaintiff with undue haste, on insufficient factual grounds to warrant a prudent person to believe that plaintiff had committed any of the offenses with which he was charged, and with disregard of the factual grounds that demonstrated plaintiff's lack of culpability.

56.     At all times relevant and material hereto, Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White acted with malice consisting of ill will toward the plaintiff and/or a reckless and oppressive disregard for plaintiff's rights, and with a motive of covering up and protecting themselves from the potential adverse professional and legal consequences of their assault and battery of the plaintiff and their violations of the plaintiff's Constitutional rights under the Eighth and Fourteenth Amendments.

Case ID: 130402207

57.     As a direct and proximate result of the false arrest and malicious prosecution of the plaintiff by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff was arrested, prosecuted, incarcerated and otherwise was deprived of his liberty and freedom.

58.     As a direct and proximate result of the false arrest and malicious prosecution of the plaintiff by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff sustained emotional distress, psychological injury, and shock and injury to his nerves and nervous system.

59.     As a direct and proximate result of the false arrest and malicious prosecution of the plaintiff by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff suffered great mental anguish; embarrassment; humiliation; loss of enjoyment of life's pleasures; and physical and mental injuries, pain, and suffering, all of which may continue for an indefinite time into the future.

60.     As a direct and proximate result of the false arrest and malicious prosecution of the plaintiff by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, plaintiff has been unable to follow his usual occupation and customary daily duties and other activities and has been caused to suffer a loss of income and earning capacity, all of which may continue for an indefinite time into the future to his great detriment and loss.

61.     As a direct and proximate result of the false arrest and malicious prosecution of the plaintiff by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, plaintiff has been obliged to expend and will continue to expend in the future large sums of money and/or incur debts and liens for medical care and treatment, all to his

great financial detriment and loss, which may continue for an indefinite time into the future.

62.     As a direct and proximate result of the false arrest and  malicious prosecution of the plaintiff by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff sustained a loss of earnings, diminution of his earning capacity, and other economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in amounts not in excess of $50,000.00 each, together with punitive damages, delay damages, and costs.

**COUNT V**
**PLAINTIFF V. DEFENDANTS JASON GRUNDY, MAJOVIE BILLUPS, DAISY ORTIZ, DONOVAN BYNUM, MICHAEL CAPERS, JAMES PALMER III, ENRIQUE MARIN, AND CARLOS WHITE 42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS - FALSE ARREST AND MALICIOUS PROSECUTION**

63.     Plaintiff incorporates by reference the averments of the preceding paragraphs as fully as though same were set forth herein in their entirety.

64.     The aforesaid actions of Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White deprived plaintiff of his rights, privileges and immunities under the United States Constitution, particularly his Fourth Amendment right to be free from unreasonable seizure in the form of false arrest and his Fourteenth Amendment rights to procedural due process and to be free from malicious prosecution, which are actionable pursuant to 42 U.S.C. § 1983.

65.     As a direct and proximate result of the violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C.

Case ID: 130402207

§ 1983 by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff was arrested, prosecuted, incarcerated and otherwise was deprived of his liberty and freedom.

66.    As a direct and proximate result of the violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff sustained emotional distress, psychological injury, and shock and injury to his nerves and nervous system.

67.    As a direct and proximate result of the violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff suffered great mental anguish; embarrassment; humiliation; loss of enjoyment of life's pleasures; and physical and mental injuries, pain, and suffering, all of which may continue for an indefinite time into the future.

68.    As a direct and proximate result of the violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, plaintiff has been obliged to expend and will continue to expend in the future large sums of money and/or incur debts and liens for medical care and treatment, all to his great financial detriment and loss, which may continue for an indefinite time into the future.

69.    As a direct and proximate result of the violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White,

plaintiff has been unable to follow his usual occupation and customary daily duties and other activities and has been caused to suffer a loss of income and earning capacity, all of which may continue for an indefinite time into the future to his great detriment and loss.

70.      As a direct and proximate result of the violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 by Defendants Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin, and White, the plaintiff sustained a loss of earnings, diminution of his earning capacity, and other economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in amounts not in excess of $50,000.00 each, together with punitive damages, delay damages, attorney's fees and costs.

## COUNT VI
## PLAINTIFF V. DEFENDANTS CITY OF PHILADELPHIA, JOHN P. DELANEY AND LOUIS GIORLA
## - 42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS - MONELL CLAIM

71.      Plaintiff incorporates by reference the averments of the preceding paragraphs as fully as though same were set forth herein in their entirety.

72.      As aforesaid, it was the policy, practice and/or custom of Defendants, City, Delaney, and Giorla, to condone the use unjustified, unreasonable, unnecessary, malicious, sadistic, and excessive force against inmates within the Philadelphia Prison System and/or the Curran-Fromhold Correctional Facility.

73.      It was the policy, practice, and/or custom of Defendants, City, Delaney, and Giorla, to fail to train correctional officers in proper methods, techniques, procedures and

protocols for obtaining compliance and restraining inmates in a manner utilizing only justified, reasonable, and necessary force.

74.     It was the policy, practice and/or custom of Defendants, City, Delaney, and Giorla, to condone the false arrest and malicious prosecution of prisoners by corrections officers in order to cover up their assault and battery and violations of Fourteenth and Eighth Amendment rights of prisoners.

75.     The aforesaid policies, practices and/or customs of Defendants City, Delaney, and Giorla directly and proximately caused the aforesaid violations of plaintiff's Fourteenth and Eighth Amendment rights to be free from unreasonable, unnecessary, unjustified, willful, wanton, malicious, sadistic, and excessive use of force; cruel and unusual punishment; false arrest; and malicious prosecution of the plaintiff by the other defendants herein.

76.     The aforesaid policies, practices and/or customs of Defendants City, Delaney, and Giorla directly and proximately caused the plaintiff to sustain the injuries, losses of freedom and liberty, and other losses and damages set forth herein above.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in amounts not in excess of $50,000.00 each, together with punitive damages, delay damages, attorney's fees and costs.

Respectfully submitted,

/s/ Rania Major, Esquire
Rania Major, Esquire
Attorney for Plaintiff

Case ID: 130402207

**VERIFICATION**

I, Rania Major, verify that I am the plaintiff's attorney herein and that I am

authorized to verify that the statements made in the attached pleading are true and correct

to the best of my information, knowledge and belief.  I understand that false statements

herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn

falsification to authorities.

Rania Major, Esquire

Date: 12/17/13

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  SCI Dallas, 1000 Follies Road, Dallas, PA  18612

Address of Defendant:  Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:  Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒
*RELATED CASE IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes ☐   No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes ☐   No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes ☐   No ☒

**CIVIL: (Place   in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*

1.   ☐   Indemnity Contract, Marine Contract, and All
2.   ☐   FELA
3.   ☐   Jones Act – Personal Injury
4.   ☐   Antitrust
5.   ☐   Patent
6.   ☐   Labor-Management Relations
7.   ☒   Civil Rights
8.   ☐   Habeas Corpus
9.   ☐   Securities Act(s) Cases
10.  ☐   Social Security Review Cases
11.  ☐   All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

Other  Contracts      1. ☐   Insurance Contract and Other Contracts
2. ☐   Airplane Personal Injury
3. ☐   Assault, Defamation
4. ☐   Marine Personal Injury
5. ☐   Motor Vehicle personal Injury
6. ☐   Other Personal Injury (Please specify)
7. ☐   Products Liability
8. ☐   Products liability - Asbestos
9. ☐   All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Dimitrios Mavroudis   , counsel of record do hereby certify:

☐   Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE:   1/9/14          Dimitrios Mavroudis          93773
                        Attorney-at-Law              Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   1/9/14          Dimitrios Mavroudis, Esquire          93773
                        Attorney-at-Law                        Attorney I.D. #

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Jermaine Moore                                    Civil Action

     v.

City of Phila., John P. Delaney,
Louis Giorla, Jason Grundy,                       No.
Majovie Billups, Daisy Ortiz
Donovan Bynum, Michael Capers,
James Palmer, III, Enrique Marin & Carlos White

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.        ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( X )

                    Dimitrios Mavroudis, Esquire

| | | |
|---|---|---|
| 1/9/14 | | City of Philadelphia, et al |
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5444** | **(215) 683-5397** | **dimitrios.mavroudis@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02