IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE MOORE<br><br>     v.<br><br>CITY OF PHILADELPHIA, et al. | CIVIL ACTION<br><br>NO.  14-133 |

### MEMORANDUM RE: DEFENDANTS LOUIS GIOLRA AND JOHN DELANEY'S MOTION TO DISMISS

**Baylson, J.**                                                                                                         **March  5, 2014**

Plaintiff brings claims under Section 1983 for an alleged assault while in police custody against the City of Philadelphia, Prison Warden John Delaney, the Commissioner of the Philadelphia Prison System, Louis Giorla, and eight corrections officers: Jason Grundy, Majovie Billups, Daisy Ortiz, Donovan Bynum, Michael Capers, James Palmer, Enrique Marin and Carlos White.  Plaintiff brings claims against the Commissioner, the Warden and the officers both in their official capacities and as individuals.

Presently before this Court is  a motion to dismiss the claims against Defendants Giorla and Delaney ("moving Defendants") in both their individual and official capacities. The remaining defendants, the City of Philadelphia and the eight corrections officers have not moved to dismiss Plaintiff's claims against them.

### I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff alleges he was subject to excessive force while in the receiving areas of the Curran-Fromhold Correctional Facility on April 14, 2011.[1]  Plaintiff alleges correctional officers

---

[1] The complaint and motion briefs do not state why Plaintiff was at the correctional facility.

1

Grundy, Billups, Ortiz, Bynum, Capers, Palmer, Marin and White used excessive force on him "including but not limited to choking the plaintiff, knocking the plaintiff down, dragging the plaintiff and kicking the plaintiff in the face and head." Complaint at ¶ 25. Plaintiff alleges he suffered physical injuries to his eyes and damage to his eyesight, headaches, pain in his neck, shoulder and back, as well as psychological and emotional injuries. Complaint at ¶ 34.

The complaint alleges the correctional officers filed charges of aggravated assault, simple assault and reckless endangerment against Plaintiff, who was then arrested on these charges on June 20, 2011. Complaint at ¶ 28. The complaint alleges Plaintiff was acquitted of the aggravated assault charge. Complaint at ¶ 29. The simple assault and reckless endangerment charges were nolle prosequi on January 13, 2012. Complaint at ¶ 29.

The complaint further alleges moving Defendants Delaney and Giorla caused the violation of Plaintiff's civil rights because they "developed and maintained policies, practices and/or customs exhibiting deliberate indifference to [Plaintiff's] constitutional rights." Complaint at ¶ 27. The complaint further alleges moving Defendants Delaney and Giorla had the policy, practice and/or custom to condone the use of excessive force in the prison; to fail to train correctional officers in using only justified, reasonable and necessary force; and to condone false arrest and malicious prosecution of inmates to cover up assaults committed by corrections officers. Complaint at ¶ 31.

Plaintiff brings claims against the corrections officers for violation of his Fourteenth Amendment rights (Count I), Eighth Amendment rights (Count II), assault and battery (Count III), and false arrest and malicious prosecution under state statute and the Fourteenth Amendment (Counts IV & V). Plaintiff brings <u>Monell</u> claims against the City of Philadelphia

and against Defendants Delaney, Giorla, both individually and in their official capacity (Count VI).

Moving Defendants Delaney and Giorla filed a motion to dismiss for failure to state a claim. (EFC No. 6).

## II. THE PARTIES' ARGUMENTS

Moving Defendants contend the compliant fails to state a claim for constitutional violations under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). They argue that claims against a public official for conduct in their official capacity is redundant because they are the equivalent to claims against the City of Philadelphia. Plaintiff acknowledges that dismissal for redundancy is at the court's discretion.

Moving Defendants also contend there is no supervisory liability under Section 1983. They argue that the complaint is devoid of factual allegations the correctional officers acted under their personal direction or knowledge and acquiescence, and therefore the Complaint fails to assert a claim for individual liability. Plaintiff responds "policy makers should be personally liable for their policies."

## III. ANALYSIS

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 129 S. Ct. at 1953.

**A. Official Capacity Claims Are Redundant**

Liability can be imposed on officials who implemented a government policy or custom that caused the violation of the plaintiff's constitutional rights under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 712 (978). An official capacity Monell claim against a government official is "another way of pleading an action against an entity of which an officer is an agent." Id. at 690 n.55. The Supreme Court held when a government entity receives notice and an opportunity to respond, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Based on this holding, several opinions in the Western District of Pennsylvania and the Middle District of Pennsylvania have dismissed official-capacity Monell claims against government officials when they repeated claims against the government entity for failure to train and failure to supervise. See, e.g., Snatchko v. Peters Twp., No. 2:12-1179, 2012 WL 6761369, at *11 (W.D. Pa. Dec. 28, 2012) (granting defendant's motion to dismiss because "[s]uch a suit is properly treated as a suit against the entity"); Taylor v. Pilewski, No. 08-611, 2008 WL 4861446, at *2 (W.D. Pa. Nov. 7, 2008) (dismissing claims against a prison warden in his official capacity because they were "redundant of the claims against the county"); Snell v. City of York, No. 4:06-2133, 2007 WL 1412061, at *2 (M.D. Pa. May 10, 2007) aff'd sub nom. Snell v. City Of York, Pennsylvania, 564 F.3d 659 (3d Cir. 2009) ("Courts within the Third Circuit

have ruled that claims against an official in his or her official capacity are redundant with the claims against a municipality that employs the official, and should therefore be dismissed.") (citing Crane v. Cumberland County, PA, No. 99-1798, 2000 WL 34567277, at *3 (M.D. Pa. June 16, 2000), aff'd 64 Fed. Appx. 838 (3d Cir. 2003)).

Judges in the Eastern District of Pennsylvania have been less inclined to dismiss on this basis. In Coffman v. Wilson Police Dep't, Judge Cahn declined to dismiss an official capacity claim for redundancy because in several Supreme Court cases Section 1983 claims proceeded against both the officers in their official capacity and the government entity, 739 F. Supp. 257, 262 (E.D. Pa. 1990) (citing Kentucky v. Graham, 472 U.S. at 161-62, Brandon v. Holt, 469 U.S. 464, 471–72 (1985) (holding plaintiffs could amend their complaint in light of Monnell to name the township as a defendant in addition to the individual officials sued in their official capacity), and Pembaur v. City of Cincinnati, 475 U.S. 469, 473–74 (1986)). Judge Rufe found dismissal of redundant official capacity claims would "serve no laudable purpose" because the defendants "also must answer charges against them in their individual capacities." Capresecco v. Jenkintown Borough, 261 F. Supp. 2d 319, 322 (E.D. Pa. 2003). Moreover, Judge Rufe found mere redundancy "is not a persuasive basis for dismissal under Rule 12(b)(6)." Id. ("[A] Rule 12(b)(6) motion does not address the redundancy of claims; it questions only their validity.") (quoting Coffman, 739 F. Supp. at 261–262).

The Western District of Pennsylvania noted that there is no requirement to dismiss official capacity claims that are redundant of claims against a government entity. Hordych v. Borough of N. E., No. 10-16, 2010 WL 1707735, at *8 (W.D. Pa. Apr. 27, 2010). The court exercised its discretion to dismiss the official capacity claims "because we find that the claims unnecessarily clutter the case, . . . and these claims are likely to be confusing to a jury called

5

upon to sort out official versus individual liability." Id. The Eleventh Circuit upheld dismissal of official capacity claims as redundant because "the intended defendant was actually the City." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (upholding the district court's finding the claims "would have been redundant and possibly confusing to the jury").

Plaintiff brings claims Monell claims against moving Defendants Delaney and Giorla in their official capacity, as well as the City of Philadelphia. At least two opinions from the Eastern District of Pennsylvania found Rule 12(b) does not support dismissal for redundancy, because "[r]edundant claims may all be valid." Coffman, 739 F. Supp. at 261–262; Capresecco, 261 F. Supp. 2d 322. But the Third Circuit has upheld dismissal of official capacity claims as redundant where the government entity was also a defendant to the same claims, because the official capacity claims are essentially against the government entity, since the official is sued as an agent of the entity. Snell v. City Of York, Pennsylvania, 564 F.3d 659 (3d Cir. 2009); Crane v. Cumberland County, PA, 64 Fed. App'x 838 (3d Cir. 2003). Court have inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–631 (1962). Since Plaintiff's redundant claims against the moving Defendants unnecessarily clutter the docket, this Court shall exercise its discretion to dismiss the official-capacity claims against moving Defendants Delaney and Giorla.

**B. Supervisory Liability for Individual Liability**

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. at 165. Supervisory liability can exist where the official exhibited "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). "Supervisory liability cannot

be based solely upon the doctrine of respondeat superior, but there must be some affirmative conduct by the supervisor that played a role in the discrimination." Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990) (citing Rizzo v. Goode, 423 U.S. 362, 377 (1976)).

The Third Circuit requires an official have "actual knowledge and acquiescence" of the excessive force subordinates used to be liable. Baker v. Monroe Twp., 50 F.3d 1186 (3d Cir. 1995). "[A] supervisor may also be liable under § 1983 if he or she implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct." Argueta v. U.S. Immigration & Customs Enforcement, 43 F.3d 60, 72 (3d Cir. 2011). But "the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a 'relationship between the identified deficiency and the ultimate injury.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (quoting Sample, 885 F.2d at 1118). The complaint must

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

Id.

In Baker the court explained that "actual knowledge" did not require witnessing the excessive force personally. Id. at 1194. The plaintiffs in Baker showed the defendant yelled instructions to the subordinate officers through an open doorway in a small apartment where the

plaintiffs were allegedly mistreated. Id. at 1194. This evidence was sufficient to support the inference on summary judgment that the supervising officer had actual knowledge of the plaintiffs' treatment. Id. ("These few facts, taken together, are sufficient to allow a factfinder to infer that Armstrong was aware of how the Bakers were being treated, but permitted that treatment to continue for some amount of time before he stopped it.").

The complaint filed in Argueta alleged the defendant supervisors had knowledge of their subordinates' conduct. 643 F.3d at 74 (reversing a denial of defendants' motion to dismiss). But none of the reports that allegedly gave defendants notice could support actual knowledge because the reports were filed in different states, and some even post-dated the events alleged in the complaint. Id. Accordingly, these facts did not support what was otherwise a conclusory pleading of knowledge and acquiescence. Id. The complaint also did not sufficiently plead liability based on a policy the defendant promulgated, because the plaintiffs failed to "identify in their pleading what exactly Appellants should have done differently, whether with respect to specific training programs or other matters, that would have prevented the unconstitutional conduct." Id. at 75.

The complaint in this case does not allege any facts regarding moving Defendants' knowledge of the correctional officers' conduct. The complaint also does not (1) allege what policy or practice Defendants failed to employ; (2) that moving Defendants were aware a that policy they promulgated or enforced created an unreasonable risk of constitutional deprivation; or (3) that they were indifferent to that risk. Since the complaint does not plead any facts from which this Court could infer actual knowledge or indifference to the risk or any facts about the policy deficiencies, the complaint fails to state a claim against moving Defendants in their individual capacity.

**C. Leave to Amend**

Plaintiff did not request leave to amend if this Court grants moving Defendants' motion to dismiss, and Plaintiff has not moved for leave to amend.

### IV. CONCLUSION

This Court shall dismiss claims against moving Defendants Delaney and Giorla in their official capacity as redundant to the Plaintiff's claims against the City of Philadelphia. The court will also dismiss the claims against moving Defendants Delaney and Giorla in their individual capacity because the complaint fails to allege facts showing they had knowledge of Plaintiff's constitutional deprivations and fails to allege any facts regarding the deficiencies of the challenged policies and practices. Plaintiff's claims against the correctional officers and the City of Philadelphia are not challenged in this motion and may proceed.

O:\CIVIL 14\14-133 moore v. cty phila\14cv133.memo.3.5.14.docx