IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE MOORE,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **CIVIL ACTION** |
| Defendants. | : | **NO. 14-133** |
| | : | |

# ORDER

**AND NOW**, this _____ day of _____, 2014, upon consideration of Defendants City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), it is hereby **ORDERED** that Defendant's Motion is **GRANTED**. Plaintiff's claims against the City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin are dismissed as parties from this action.

_____
MICHAEL M. BAYLSON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JERMAINE MOORE,** : | |
|         Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | **CIVIL ACTION** |
|         Defendants. : | **NO. 14-133** |
| : | |

## DEFENDANT CITY OF PHILADELPHIA'S MOTION FOR SUMMARY JUDGMENT

Defendants City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin, by and through their undersigned counsel, now move this Honorable Court for an entry of judgment in their favor pursuant to Federal Rule of Civil Procedure 56. In support of their motion, Defendants incorporate by reference the accompanying memorandum of law, and attached hereto.

**WHEREFORE**, Defendants City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin move this Honorable Court to enter judgment in their favor and dismiss plaintiff's claim with prejudice and dismiss the City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin as parties from this action.

                                                  Respectfully submitted:

Date: <u>September 18, 2014</u>         <u>/s/ Dimitrios Mavroudis</u>
                                                  Dimitrios Mavroudis
                                                  Pa. Attorney ID No. 93773
                                                  City of Philadelphia Law Department
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, PA 19102
                                                  (215) 683-5444
                                                  dimitrios.mavroudis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE MOORE,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | CIVIL ACTION |
| Defendants. | : | NO. 14-133 |
| | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CITY OF PHILADELPHIA, DONOVAN BYNUM, DAISY ORTIZ, JAMES PALMER III, AND ENRIQUE MARIN'S MOTION FOR SUMMARY JUDGMENT

Defendants City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin (hereinafter "Moving Defendants") hereby move for summary judgment on the claim made by Plaintiff in Count Three of the Complaint against the City, and in favor of Defendant Correctional Officers Donovan Bynum, Daisy Ortiz, James Palmer III and Enrique Marin as to all claims made against these two officers. As fully set forth herein, Plaintiff's civil rights claims against the City can survive summary judgment only if Plaintiff can establish that the City, through a custom, policy or practice, has exhibited deliberate indifference to the constitutional rights of Plaintiff. In this case, Plaintiff had adduced no such evidence. Furthermore, no evidence has been adduced to show that Officers Bynum, Ortiz, Palmer and Marin used any force against Plaintiff or caused to have charges brought against Plaintiff.

Accordingly, summary judgment should be entered in favor of Defendants City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin. All claims against the City, Officer Bynum, Ortiz, Palmer, and Officer Marin should be dismissed with prejudice.

I.   **FACTUAL AND PROCEDURAL SUMMARY**[1]

On December 17, 2013, Plaintiff initiated this action in the Philadelphia Court of Common Pleas naming as Defendants City of Philadelphia, Warden John P. Delaney, Commissioner Louis Giorla, and eight other Correctional Officers. See Complaint, attached hereto as Exhibit A.  Service of Process was accepted by all defendants on December 17, 2013. Defendants filed for Removal to the United States District Court, Eastern District of Pennsylvania on January 10, 2014.

Plaintiff has filed the instant Section 1983 civil rights action in which he alleges that he was subjected to excessive force under the Fourteenth Amended, Cruel and Unusual Punishment under the Eight Amendment, and municipal (Monell) liability against the City of Philadelphia.

On January 17, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to under Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss Commissioner Louis Giorla and Warden John Delaney as parties from this action. See Docket Doc. 3.  The Court granted Defendants Giorla's and Delaney's motion, thereby dismissing them as parties. See Docket Docs. 10 and 11.

In Count Six of the Complaint, Plaintiff claims the City of Philadelphia is liable to him pursuant to 42 U.S.C. § 1983 under the theory of municipal Liability.  See Compl. ¶¶ 71-76 Plaintiff claims that it is the City's failure to train and supervise its officers that led to the Plaintiff being subjected to excessive use of force in violation of his Fourth and Fourteenth Amendment rights and having charges pressed against Plaintiff to cover up assaultive behavior. Id.

---

[1] Specific factual averments made in support of this instant motion are contained in a Statement of Undisputed Facts, attached hereto as an appendix and incorporate by reference herein.

2

Pursuant to the Court's Amended Scheduling Order entered on June 5, 2014 (Doc. 15), all fact discovery had to be completed on or before August 18, 2014.  Any summary judgment motions are to be filed on or before September 18, 2014.

Plaintiff has adduced no evidence to support his municipal liability claim against the City.  Furthermore, no evidence has been adduced to show that Officers Bynum, Ortiz, Palmer and Marin used any force against Plaintiff or caused to have charges brought against Plaintiff.  Accordingly, summary judgment should be entered in favor of Defendants City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin.  All claims against the City, Officer Bynum, Ortiz, Palmer, and Officer Marin should be dismissed with prejudice.

## II.     SUMMARY JUDGMENT STANDARD

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A factual dispute is "material" only if it might affect the outcome of the suit under governing law.  See Id.  All inferences must be drawn, and all doubts resolved, in favor of the non-moving party.  See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that he or she believes demonstrate the absence of material fact disputes.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To defeat

summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. See id. at 321, n.3; First Nat'l Bank of Pa. v. Lincoln Nat'l Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993). With respect to an issue on which the non-moving party has the burden of proof, the burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. Where the plaintiff is the non-moving party, he cannot "simply reassert factually unsupported allegations in [his] pleadings." Poles v. St. Joseph's Univ., 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing Celotex, 477 U.S. at 325). "Plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment." Id.

### III. LEGAL ARGUMENT

#### A. PLAINTIFF'S CLAIM AGAINST THE CITY OF PHILADELPHIA IN COUNT SIX UNDER THE THEORY OF MUNICIPAL LIABILITY UNDER §

**1983 FAILS AS A MATTER OF LAW, PLAINTIFF HAS ADDUCED NO EVIDENCE TO SUPPORT HIS CLAIM.**

A plaintiff must demonstrate that the municipality itself, through the implementation of a municipal policy or custom, caused the underlying constitutional violation. Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). The plaintiff must satisfy the stringent standards established by the Supreme Court in Monell and its progeny. The Supreme Court held in Monell that a municipality will not be held liable on the basis of *respondeat superior*; it will only be held liable where there is evidence establishing that the alleged constitutional violation was the result of a municipal policy, custom or practice. Monell, supra, 436 U.S. at 691-95.

Meeting the burden of proof for governmental liability under Monell has been approached in two different ways: By reliance on an official policy, or by adducing evidence of a municipal custom. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990), quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). Custom on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. Andrews, supra, 895 F.2d at 1480; see also Fletcher v. O'Donnell, 867 F.2d 791, 793-794 (3d Cir. 1989) ("Custom may be established by proof of knowledge and acquiescence"), cert. denied, 492 U.S. 919 (1989). Monell liability must be founded upon **evidence** that the government unit itself supported a violation of constitutional rights. Bielevicz v. Dubinon, 915 F.2d 845, 849-850 (3d Cir. 1990) (citing Monell) (emphasis added).

Thus, municipal liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury." Monell, 436 U.S. 694. Before municipal liability will be imposed, the plaintiff must prove that the municipality's alleged unconstitutional practices are **"so widespread as to have the force of law."** Bd. of Commrs. of Bryan Co. v. Brown, 520 U.S. 397, 404 (1997); accord, Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Andrews, supra, 895 F.2d at 1480 (emphasis added); and see Connick v. Thompson, 131 S. Ct. 1350, 1360 (U.S. 2011) (where policymakers continue to adhere to an approach that they know or should know has failed to prevent tortious conduct, such nonfeasance "may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'— necessary to trigger municipal liability."). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur, supra, 475 U.S. at 479 (emphasis in original). "[T]o be sure, 'official policy' often refers to formal rules or understandings – often but not always committed to writing – that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." Id. at 480-481. Proof of a single incident is wholly insufficient to establish an official "policy" or "custom." City of Oklahoma v. Tuttle, 471 U.S. 808 (1985).

Further, the plaintiff must establish "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). They bear the burden of proving that the municipal policy or widespread custom or practice was the "moving force" behind the alleged violations of the plaintiffs' constitutional rights. Bryan Co., 520 U.S. at 407-08. That is, they must prove that it is more likely than not that the alleged unconstitutional policy, or longstanding unconstitutional custom or practice,

6

caused the alleged violations of his constitutional rights.  See Jett v. Dallas Independent School District, 491 U.S. 701, 737 (1989) (must prove decision of final policymaker caused the deprivation of rights by policies or by acquiescence in a longstanding custom or practice that constitutes a standard operating procedure of the local governmental entity) (internal quotations and citations omitted).

The plaintiff cannot point to any evidence from which a reasonable jury could infer that him being subjected to excessive use of force was directly caused by an unconstitutional policy.  Nor can he point to any evidence that a policy maker was aware of and acquiesced in prior instances of correctional officers using excessive force.  See Connick, 131 S. Ct. at 1361.  In fact, plaintiff has conducted *no* discovery on this very issue.  Plaintiff has not taken any depositions of a corporate designee for the City of Philadelphia and has not even requested to see the personnel file and disciplinary history of the Defendants.  Additionally, Plaintiff has not even requested to see any of the Philadelphia Prison System's written policies on Use of Force.  Plaintiff merely relies on bald faced allegations in his Complaint that the City failed to supervise, discipline, counsel, guide, and train its correctional officers.  (Exhibit A, Complaint ¶¶ 72-76.)

As for training, supervision and discipline, the plaintiff has not developed any evidence that PPS' program of training, supervision and discipline is so inadequate as to put the Commissioner on notice that a failure to improve such training, supervision and discipline will result in correctional officers assaulting and using excessive force against inmates.  Again, plaintiff relies on mere allegations and has not adduced any evidence to support this claim.

Therefore, to the extent to the extent plaintiff claims the City of Philadelphia is liable to him under the theory of municipal liability under § 1983, those claims must be dismissed with prejudice.

7

### B. ALL CLAIMS MADE AGAINST OFFICERS BYNUM, ORTIZ, PALMER, AND MARIN MUST BE DISMISSED WITH PREJUDICE.

Plaintiff makes allegations that Officers Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin used excessive force in violation of his Fourteenth and Eighth Amendment rights, caused Plaintiff to be falsely arrested and maliciously prosecuted, and underlying state law claims of assault and battery, false arrest, and malicious prosecution. These claims must be dismissed with prejudice for the reasons set forth.

#### 1. Plaintiff's Federal Claims for Excessive Use of Force Under the Eighth and Fourteen Amendment, As Well As Plaintiff's Underlying State Law Claim of Assault and Battery Must Be Dismissed.

Because he was a pretrial detainee as of the date of this incident, plaintiff's claims are brought under the Fourteenth Amendment. Plaintiff has the right to be free from force used against him maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline. That is to mean force used without justification to intentionally injure with excessive cruelty and delight in cruelty. Fuentes v. Wagner, 206 F.3d 335 (3d Cir. 2000).

Plaintiff's Complaint makes general allegations that Officers Bynum, Ortiz, Palmer, and Marin participated in the assault of Plaintiff, however, the record indicates that not to be the case. At his deposition, Plaintiff's own attorney provided him with photos of several correctional officers, including Officers Bynum, Ortiz, Palmer, and Marin. Moore Dep., p. 59, lines 11-17. When Plaintiff was asked to identify which officers participated in the force used against him, he stated unequivocally that it was Officers Grundy, Caper, and Billups. Moore Dep., p. 61, lines 3-9. Plaintiff could not identify any other officers as being involved in the use of force situation giving rise to this lawsuit. Moore Dep., p. 61, lines 10-14. In addition to Plaintiff's own admissions, several documents containing the names of the officers involved in the incident of

8

April 14, 2011 state that the force used against Plaintiff Jermaine Moore was done by Officers Grundy, Billups, Capers, and White. See Exhibits F and G.  Not one piece of the investigation into the incident revealed Officers Bynum, Ortiz, Palmer, and Marin as having used for against Plaintiff Moore.

In addition, Plaintiff in this matter brings assault and battery claims, but cannot sustain his burden on either of these two claims.  The definition of Assault, as set forth in the Restatement (Second) of Torts, states,

(1)  An actor is subject to liability to another for assault if:

> (a)  he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
> (b)  the other is thereby put in such imminent apprehension.

(2)  An action which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.
Restatement of Torts, Second §21 (1965).

The definition of Battery, as set forth in section 18 of the Restatement (Second) of Torts, states,

(1) An actor is subject to liability to another for battery if:

> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

an offensive contact with the  person of the other directly or indirectly results.

In addition to the elements of Assault and Battery, Plaintiff must also show that the officers acted with actual malice or willful misconduct.  42 PA. CONS. STAT. ANN. § 8550; and see Renk v. City of Pittsburgh, 641 A.2d 289, 293-294 (Pa. 1984) (explaining the requisite state of mind of the arresting officer in determining whether or not his conduct constituted willful misconduct under 42 PA. CONS. STAT. § 8550).

9

By Plaintiff's own admissions and non-disputed documentary evidence, Officers Bynum, Ortiz, Palmer, and Marin did not use any force against Plaintiff on April 14, 2011, and in no way had any physical contact with him.  These defendants could not have violated Plaintiff's Eighth and Fourteen Amendment rights to be free from excessive force or cruel and unusual punishment, nor could they have committed the state law tort of assault and battery.

For these reasons, Counts One, Two, and Three of Plaintiff's Complaint should be dismissed with prejudice as to Defendants Bynum, Ortiz, Palmer, and Marin.

> **2. Plaintiff's Federal Claims for False Arrest and Malicious Prosecution Under the Fourth and Fourteenth Amendment, As Well As Plaintiff's Underlying State Law Claims of False Arrest and Malicious Prosecution Must Be Dismissed.**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized."  U.S. Const. amend. IV.  To establish a claim under 42 U.S.C. § 1983 ("Section 1983"), the plaintiff must show that the defendant, acting under color of law, deprived him of a right or privilege secured by the Constitution or laws of the United States.  The existence of probable cause will, of course, defeat a "false arrest" claim brought pursuant to the Fourth Amendment and § 1983.  See Pierson v. Ray, 386 U.S. 547, 557 (1967).

With respect to malicious prosecution, the Supreme Court addressed the burden of proof imposed upon a plaintiff in order to prevail in a malicious prosecution claim brought pursuant to § 1983.  Plaintiff must demonstrate: 1) that the defendant initiated criminal proceedings; 2) the criminal proceedings ended in plaintiff's favor; 3) the proceedings were initiated without probable cause; and 4) that the defendant acted maliciously or for a purpose other than bringing

10

the plaintiff to justice; and (5) the plaintiff has suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Albright v. Oliver, 510 U.S. 266 (1994).

In his false arrest and malicious prosecutions claims, Plaintiff must show that Defendants, Bynum, Ortiz, Palmer, and Marin gave false information for the purposes of having Plaintiff arrested for a crime, and that without those alleged statements, probable cause to arrest and charge plaintiff would not have existed. For the same reasons as discussed above, Defendants Bynum, Ortiz, Palmer, and Marin were not present for the incident giving rise to this lawsuit, and did not give information to authorities that caused Plaintiff to be arrested without probable cause.

In addition, Defendant Grundy stated in his deposition that he appeared at a preliminary hearing to testify regarding charges of aggravated assault brought against Plaintiff. Grundy Dep., p. 40, lines 5-10. Furthermore, undisputed documentary evidence shows that Officer Grundy alone gave a statement to a Philadelphia Police Detective and he alone is listed as the complainant who is asking for charges to be pressed against Plaintiff Moore. See Exhibits D and E.

Similarly, Plaintiff's state law claims of false arrest and malicious prosecution fail against Defendants Bynum, Ortiz, Palmer, and Marin. As stated above, these officers did not cause to have Plaintiff arrested or have him charged with a crime. In fact, they were not even present for the alleged assault and did not submit statements to police for the purpose of having Plaintiff arrested and charged.

For these reasons, Counts Four and Five of Plaintiff's Complaint should be dismissed with prejudice as to Defendants Bynum, Ortiz, Palmer, and Marin.

**IV.     CONCLUSION**

For all the foregoing reasons, Plaintiff's claim against Defendant City of Philadelphia in Count Six should be dismissed with prejudice, and Plaintiff's claims in Counts One, Two, Three, Four and Five of the Complaint against Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin should be dismissed with prejudice.  Moving Defendants respectfully request the Court dismiss the City of Philadelphia, Donovan Bynum, Daisy Ortiz, James Palmer III, and Enrique Marin as parties to this action.

Respectfully submitted:

Date:  <u>September 18, 2014</u>          <u>   /s/ Dimitrios Mavroudis         </u>
Dimitrios Mavroudis
Pa. Attorney ID No. 93773
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5444
dimitrios.mavroudis@phila.gov

## **CERTIFICATE OF SERVICE**

    I, Dimitrios Mavroudis, Assistant City Solicitor, hereby certify that Defendant City of Philadelphia's Motion for Summary Judgment was electronically filed, and is available for viewing and downloading on the ECF system to the following:

    Rania Major
    2915 North 5th Street
    Philadelphia, PA 19133
    *Attorney for Plaintiff*


Date: <u>September 18, 2014</u>              <u>/s/ Dimitrios Mavroudis</u>
                                                                     Dimitrios Mavroudis
                                                                     Assistant City Solicitor